593 So.2d 1364 (1992)
John L. TOYE, d/b/a Secretary Services
v.
TELEPHONE SERVICERS, et al. consolidated with
Robert H. BOH and Louis M. Freeman, et al.
v.
WILLOW CORPORATION, et al.
No. 91-CA-0690, 91-CA-0691.
Court of Appeal of Louisiana, Fourth Circuit.
January 30, 1992.
Rehearings Denied March 18, 1992.
*1365 Wiley G. Lastrapes, Jr., Chaffe, McCall, Phillips, Toler & Sarpy, New Orleans, for plaintiffs-appellees Administrators of Tulane Educational Fund, Robert H. Boh and Louis M. Freeman, as trustees of Lester Sobin Unitrust.
William H. Reinhardt, William M. McGoey, Post, Reinhardt & McGoey, Metairie, for defendants-appellees Tel. Servicers and Teleservices Corp.
Leon H. Rittenberg, Jr., Polack, Rosenberg, Rittenberg, & Endom, New Orleans, for defendants-appellees Norman Galen and Richard D. Palmer.
Gerald J. Talbot, Lemle, Kelleher, Kohlmeyer, Dennery, Hunley, Moss & Frilot, New Orleans, for defendants-appellees John O. White and D.J. Mitchell.
R. Justin Garon, Garon, Brener & McNeely, New Orleans, for defendants-appellees Max Sugar, Bernard Tumarkin and Ethel Tumarkin.
Charles G. Merritt, New Orleans, for defendants-appellees Earl S. Robinson, Jr., Otello M. Simoncioni, Jr. and George A. Sorensen, Jr.
John J. Weiler, Guarisco, Weiler & Cordes, New Orleans, in pro. per.
Paul S. Hughes, John F. Willis, Deutsch, Kerrigan & Stiles, New Orleans, for defendant-appellant John L. Toye.
Before KLEES and WARD, JJ., and GULOTTA, J. Pro Tem.
KLEES, Judge.
Defendants appeal from a judgment in favor of plaintiffs, the Administrators of the Tulane Educational Fund and Robert H. Boh and Louis M. Freeman as Trustees of the Lester Sobin Unitrust [hereinafter collectively referred to as "Tulane"]. Defendants include the maker and various endorsers and assumers of a defaulted promissory note held by Tulane. In the court below, Tulane obtained a judgment on the note, as well as a judgment for the amount of certain distributions made by Telephone Servicers, a limited partnership which is one of the assumers of the note, to its partners.
The facts are not in dispute. In 1979, defendant Willow Corporation (now in bankruptcy) acquired a telephone answering service business from Tulane. As payment, Willow Corporation executed a promissory note to Tulane in the face amount of $1,000,000.00, bearing interest of 9½% per annum and payable in 179 monthly installments of $10,442.00 each, and providing for 10% attorneys fees on the amount due. Defendants Bill G. Williams, John G. Pillow and Betty G. Pillow endorsed the note.
In 1981, the business was purchased by Telephone Servicers, a limited partnership formed for that purpose, and the partnership assumed payment of the Tulane note. The partnership operated the business until June of 1988, at which time it was purchased by John L. Toye. The purchase price was $1,025,982.60, of which Toye paid $424,559.45 in cash and assumed the note for the balance. Toye operated the business and paid the monthly installments on the note to Tulane for approximately six *1366 months, until January of 1989. As agreed, Toye also paid rent to the partnership on a sublease he had taken from it and collected outstanding receivables for the partnership.
After the sale to Toye, the partnership conducted no business other than collecting rent and receivables from Toye, paying its ordinary bills and filing tax returns. Immediately after the sale to Toye, the partnership made two distributions to its limited partners, the first being on July 1, 1988 in the total amount of $420,000.00 and the second on August 10, 1988 in the amount of $84,000.00. After the second distribution, the partnership had a cash balance of about $10,000.00.
When Toye defaulted on the note, the balance due was $554,697.91 plus interest at 9½% per annum from February 14, 1989 until paid. On July 12, 1989, Toye filed suit against the partnership in civil district court seeking to have his purchase rescinded for various reasons. On July 19, 1989, Tulane filed suit against the original maker and endorsers of the note and the two assumers of the note, the partnership and Toye. Tulane also named as defendants the general partner and the fourteen limited partners of Telephone Servicers, demanding the amounts which had been distributed to them by the partnership after the sale of the business to Toye.
Toye's suit and Tulane's suit were consolidated in civil district court, and the entire matter was referred to a Commissioner. Tulane moved for summary judgment on both the note and its claim for distributions. The partners and Toye each moved for summary judgment denying Tulane's claim.
After considering the matter, the Commissioner issued a report recommending that summary judgment be granted in favor of Tulane against all defendants. The Commissioner stated that summary judgment on the note was warranted because neither the amount due nor the obligations created by the maker, endorsers and assumers were in dispute. With regard to the distributions, the Commissioner reasoned that the partnership Telephone Servicers should have terminated by its own terms upon the sale of substantially all of its assets to Toye. The subsequent distributions to its partners amounted to an improper liquidation of partnership assets to the prejudice of Tulane, a partnership creditor.
Exceptions were filed to the Commissioner's report and were heard by the district court. On August 8, 1990, the district court issued judgment: (1) In favor of Tulane against the three endorsers of the note, Telephone Servicers and John L. Toye, jointly, severally and in solido, in the amount of $554,697.91 plus interest and attorneys fees; (2) In favor of Tulane against the general partner and fourteen limited partners of Telephone Servicers for the amount of the distributions received by each from the partnership on July 1, 1988 and August 10, 1988, with interest; (3) In favor of Tulane denying Toye's motion for summary judgment; and (4) In favor of Tulane denying the motion for summary judgment filed by the partners. On November 21, 1990, the district court issued an amended judgment which was identical to the first one except for the computation of interest. Telephone Servicers, John L. Toye, and the partners of Telephone Servicers have all appealed this judgment.
Upon review, we affirm the judgment of the district court, for the following reasons.
Defendants, with the exception of John L. Toye, do not seriously contest the judgment on the note itself. Toye contends that his dispute with the partnership relieves him of liability on the note to Tulane. This argument is clearly without merit. Civil Code article 1821, dealing with the assumption of debts, provides that as long as the agreement between the original obligor and the assuming obligor is in writing, the assuming obligor is bound to the obligee. Under article 1823, the agreement *1367 between the assuming obligor and the obligee or creditor does not have to be in writing to be enforceable, unless the assumption was purely gratuitous. Therefore, because Toye's contract with the partnership was in writing and the assumption was part of his purchase of the telephone answering business, he is clearly bound to Tulane. Moreover, after having paid the note for more than six months, Toye cannot use any defense he might have against the partnership to escape his obligation to Tulane. Accordingly, the portion of the district court's judgment awarding Tulane the unpaid balance of the note against the three endorsers, the partnership and Toye was not in error.
Defendants' primary argument on appeal is that the trial court erred in awarding Tulane judgment for the amounts of the distributions made by the partnership to its partners in the two months following the sale of the business to Toye. We also find this argument to be without merit.
The articles of partnership for Telephone Servicers state specifically that the partnership shall terminate upon the sale or other alienation of all or substantially all of the partnership assets, unless a majority of the limited partners execute a written instrument evidencing their intent to keep the partnership in existence. Because the sale to Toye was clearly a sale of "substantially all" the assets, and because no written instrument was executed to continue the partnership, the Commissioner found that the partnership had terminated by operation of law after the sale. The Commissioner then found fault with the partnership for not appointing a liquidator and following the process of liquidation set forth in its own articles and in the Civil Code. The Commissioner reasoned that, had a liquidator been appointed, the two large distributions to the partners in July and August would not have been made because they were to the prejudice of Tulane, a partnership creditor. Civil Code articles 2832 and 2833 provide that when a partnership is liquidated, partnership creditors must be paid first, before partners receive anything. Telephone Servicers violated these rules when it paid out to its partners the entire proceeds of the sale of its business without reserving any assets or funds to cover its outstanding debt to Tulane, from which debt it had not been released.
The partners strenuously argue that the partnership did not terminate after the sale, but was tacitly continued by them. Civil Code article 2827 provides that when a resolutory condition of the contract of partnership is fulfilled (in this case the sale of substantially all of the partnership assets), the partnership may be expressly or tacitly continued by the partners to accomplish either its original purpose or a different purpose.
In the instant case, however, the sole indication of tacit continuation of the partnership is the fact that the partners did not formally liquidate it. After the sale to Toye, there was no business for the partnership to operate. Its only activities were to pay ordinary bills, collect rent from Toye and to accept from Toye the outstanding accounts receivable he had agreed to collect for the partnership. Moreover, the partnership distributed the great majority of its funds to its partners. All of these activities are consistent with the idea of liquidation. If a liquidator had been appointed, his duties would have been to pay bills, collect rent and receivables, and finally, distribute funds. Therefore, we conclude, as the trial court apparently did also, that a de facto liquidation occurred to the prejudice of Tulane, a partnership creditor, in violation of articles 2832 and 2833 of the Civil Code[1].
Defendants also argue that limited partners cannot be required to return distributions made to them unless those distributions rendered the partnership insolvent. *1368 See Civil Code article 2842. They claim that since Toye was still making payments on the Tulane note at the time the distributions were made and the partnership was able to meet its other obligations, it was not insolvent.
However, we find that article 2842 does not apply to these distributions because of the nature of the distributions. They were clearly not ordinary distributions, but liquidation payments in derogation of the creditor's rights.
We also reject defendants' alternative argument that Tulane's right to recover the first distribution has prescribed because Tulane did not file suit within one year of the date the distribution was made. This argument is based on the idea that because the distribution was wrongful, the action to recover it is a tort action which prescribes in one year. We disagree. The distribution of partnership funds to the partners under these circumstances is not analogous to conversion or embezzlement, as defendants argue. As we have held, these distributions were improper liquidation payments. As such, the one year prescription is inapplicable.[2] The action has not prescribed.
Accordingly, for the reasons stated, we affirm the judgment of the district court.
AFFIRMED.
NOTES
[1] Our decision is consistent with Comment (b) of article 2827, which states that creditors of that partnership are not to be prejudiced by its continuation.
[2] We specifically do not address the issue of which prescriptive period applies as that determination is not necessary to decide this appeal.